**STATE of Missouri, Respondent,**

**v.**

**James Morley TAYLOR, Appellant.**

**No. 51776.**

Supreme Court of Missouri,
Division No. 1.

Nov. 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, Frank P. Motherway, Sp. Asst. Atty. Gen., St. Louis, for respondent.

William J. Shaw, Charles R. Abele, Clayton, for appellant.

HOLMAN, Presiding Judge.

Defendant was charged with the offense of robbery in the first degree by means of a dangerous and deadly weapon. See §§ 560.120 and 560.135 (statutory references are to RSMo 1959, V.A.M.S.). The amended information also charged a prior felony conviction under the provisions of § 556.280. The jury found defendant guilty as charged and the court fixed his punishment at imprisonment in the penitentiary for a term of five years. Defendant has duly appealed from the judgment.

There is no contention on this appeal concerning the sufficiency of the evidence and hence a brief statement of facts will suffice.

The alleged robbery occurred at about 1:30 a. m. on January 17, 1965, in Wellston, St. Louis County, Missouri. The prosecuting witness, Taylor Williams, was a cab driver. Defendant entered the cab at 4439 St. Ferdinand Avenue in the City of St. Louis and sat in the rear seat. Another passenger, Margaret Carter, was riding in the front seat. Defendant directed Williams to take him to 6311 Page Boulevard. When the cab arrived at a point a short distance from 6311 Page, defendant exhibited a gun and demanded money, threatening to "blow their brains out." Williams gave him $37.00. Defendant directed Williams to stop the cab and he got out and disappeared down an alley. About two weeks later Williams identified a picture of defendant at police headquarters. Defendant was arrested and Williams identified him from his appearance and Mrs. Carter identified him by his voice.

The first contention of defendant relates to the alleged error of the court in the answer it gave to a question submitted by the jury after it had started deliberations. After the case had been submitted to the jury it sent the following written question to the court: "Instruction No. 1 states that the charge is with a loaded automatic pistol. If we do not believe the evidence showed a loaded pistol or an automatic pistol, should we find the defendant not guilty as charged?" The court sent back the following written answer: "The question is irrelevant." The defendant's attorney objected to the answer, but the trial judge tacitly overruled the objection by explaining to the attorneys (out of the presence of the jury) that he considered that the question as to whether the gun was loaded or was an automatic was irrelevant because those facts were not essential elements of the charge.

The defendant failed to mention the foregoing occurrence in his motion for a new trial. On this appeal, however, he has briefed the point and asks that we review it under the provisions of S.Ct. Rule 27.20(c), V.A.M.R., which reads as follows: "Plain errors affecting substantial rights may be considered on motion for new

trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." We will accordingly consider the incident and determine whether it resulted in "manifest injustice."

■ As indicated by the court, the question as to whether the gun was loaded was not an essential element of the offense. It was not necessary to plead, prove, or submit that fact issue. State v. Kowertz, 324 Mo. 748, 25 S.W.2d 113 [2]; State v. Martin, Mo.Sup., 346 S.W.2d 71 [2]. It would also seem to be immaterial whether the weapon used was an automatic or some other type of pistol. There was no direct evidence that the gun was an automatic or was loaded. The only evidence from which such facts might be inferred was the testimony of Williams and Mrs. Carter concerning a noise they heard in the back seat. Although poorly described, we think they were attempting to testify that the noise sounded like that made by an automatic pistol when a shell is being injected into the chamber.

Instruction No. 1 required that the jury find that the offense was committed "by means of a certain weapon, to-wit: a loaded automatic pistol." The obviously alert and capable jury was understandably concerned about its duty to find those facts upon which there was, at best, very unsatisfactory evidence and hence the question followed.

■ The question submitted by the jury brought to the attention of the trial judge the fact that his main instruction had required a finding of nonessential facts upon which the evidence was doubtful. He sought to correct that error by stating to the jury, "The question is irrelevant." We do not think the meaning of that answer was clear. While the question related to nonessential facts, the question itself was very relevant when considered from the

standpoint of the jury in performing its function. Moreover, the practice of exchanging communications between the jury and the trial court is not commended. State v. Taylor, Mo.Sup., 336 S.W.2d 495 [7]. We think an appropriate procedure the trial court could have followed would have been to (1) bring the jury into the courtroom, (2) withdraw instruction No. 1, (3) correct that instruction in the respects here under consideration or prepare a new one so doing; (4) read the corrected or new instruction to the jury, and (5) deliver the instruction to the jury and resubmit the case. State v. McNabb, Mo.Sup., 267 S.W. 606 [6]; State v. Mace, Mo.Sup., 278 S.W. 718 [5].

■ While we do not approve of the contents of the court's answer nor the procedure followed, we have nevertheless concluded that the defendant was not prejudiced by the incident. The most unfavorable interpretation (to defendant) that the jury could have placed upon the answer was that it was not required to find the facts concerning which it inquired. That is in accordance with the law, and since the entire matter concerned nonessential facts we rule that no "manifest injustice" resulted therefrom.

The remaining point briefed relates to the testimony of St. Louis City Police Officer William Franklin. The answers complained of appear in the following:

"Q Did you have an occasion on or about February 4th to place him under arrest? A I did.

"Q Will you tell the Court for what purpose?

"A Fugitive from justice.

"Mr. McNary: I object to that, your Honor, as not being relevant—"

The following occurred at the bench of the Court, out of the hearing of the jury:

"Mr. McNary: Defendant will object to the question for the reason it calls for testimony involving another crime.

"The Court: What do you anticipate his answer to be?

"Mr. Koslow: The State anticipates his answer to be he was arrested as a fugitive from St. Louis County.

"Mr. McNary: On this charge?

"Mr. Koslow: On no charge, just fugitive from St. Louis County.

Mr. McNary: I object to that, I don't know if it is another crime or not. They may take it as another crime.

"The Court: He may answer."

Counsel then returned to the counsel table and the following proceedings were heard within the hearing of the jury:

"Q (by Mr. Koslow): You may answer.

"A I arrested him as a fugitive from St. Louis County."

Defendant says the answer, "fugitive from justice," was prejudicial because it would mislead the jury into thinking that defendant had attempted to flee in order to escape punishment; also that it may have indicated that he had committed another crime.

 We have concluded that the testimony in question did not constitute reversible error. The contention that the ruling was erroneous because the answer implied that defendant was attempting to flee is not preserved for appellate review because that reason was not presented to the trial court at the time the objection was made. State v. Brown, Mo.Sup., 360 S.W.2d 618 [8]. Moreover, we do not think the jury would construe the answer as indicating that defendant had committed another crime. We think it is more likely that the jury would consider that the city policeman arrested defendant at the request of the St. Louis County police department as a part of its investigation of the offense in question.

 There is another reason why those answers do not require a reversal. The first answer was made before objection. While an objection was thereafter made there was no motion to strike. An objection made after the answer is untimely and, in the absence of a motion to strike the answer, the ruling of the trial court is not preserved for review. State v. Velanti, Mo.Sup., 331 S.W.2d 542 [7]. The two answers had substantially the same meaning. Since defendant cannot complain of the first answer, the admission of the second answer would be harmless error even if we assume that it was inadmissible. State v. Ransom, 340 Mo. 165, 100 S.W.2d 294 [4].

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All concur.