**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gary WHITE, Defendant-Appellant.**

**No. 34856.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 8, 1973.

George C. Hubel, James E. Wynne, Public Defender Bureau, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., John C. Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Judge.

This is an appeal by defendant-appellant, Gary White, from a judgment of conviction and sentence entered by the Circuit Court of the City of St. Louis upon a jury verdict finding appellant guilty of robbery in the first degree by means of a dangerous and deadly weapon. Appellant and William Winn were jointly charged in an indictment with robbery. Gary White was tried separately and the jury found him guilty but was unable to agree on punishment. The court assessed his punishment at five years.

The state's evidence shows the following: Delores Daniels, at the time of this occurrence, was the owner and operator of Dee's Food Shop located in the City of St. Louis. On the evening of September 14, 1971, she and a young employee, Lonnie Nabors, were present in the store along with two other persons when a holdup occurred. One of these persons was later identified as the appellant, Gary White. A person later identified as William Winn entered the store with a drawn gun. When Winn came in the store Nabors was two or three yards to the left of the door and the two customers, one of whom was Gary White, were standing by the checkout counter. Appellant had been in the store several times before. Winn told White to get the money out of the cash register. White went behind the counter, got bills out and then bent down to pick up Delores Daniels' purse behind the counter. He then took some change from the register. Winn then told appellant to "come on" and the two left the store. No one sustained any injury and no shots were fired.

On September 27, 1971 the appellant was arrested by Patrolman John Jones at 4319 Lexington Avenue. Patrolman Jones testified that the arrest was effected at the residence, and when he knocked on the door it was answered by a "Subject by the name of William Winn."

Prior to the police officer's testimony a discussion was held outside the hearing of the jury wherein defense counsel indicated to the judge that the arrest was made not for the offense for which appellant was on trial, but rather for an alleged commission of another offense which occurred approximately five minutes prior to the arrest. Objection was made to permitting the officer to testify as to the facts and circumstances of the arrest. The objection was overruled, the court stating:

"I will overrule your objection in view of the fact that you have elicited evidence [on cross-examination] which would support an argument that White was an unwilling participator in this robbery that's on trial. I think the State has a right to show the circumstances of the arrest and that they were together at that time and on that particular date. Now, I can't see from that that—if that's all that's elicited where there is any indication where there was any other crime committed at any time."

Patrolman Jones was then permitted to testify that he arrested the defendant at the above address, and when he knocked on the door it was answered by William Winn.

Appellant's only point on this appeal is that the court erred in overruling his continuing objection to the testimony of Patrolman Jones for the reason that such testimony was irrelevant since the arrest was made for a crime other than the one for which defendant was on trial. Appellant argues that Patrolman Jones' testimony was not offered to prove a material fact in issue, but rather to prejudice the jury against him. In the alternative he submits that even if offered to prove a material fact, it was prejudicially erroneous for the court to allow Jones to testify since the prejudice outweighed its evidentiary value.

The well-established rule is that proof of the commission of separate and distinct crimes is not admissible unless such

proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. State v. Holbert, 416 S.W.2d 129, 132 (Mo.1967), quoting from State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954); State v. Ingram, 286 S.W.2d 733 (Mo.1956); State v. Tillman, 454 S.W.2d 923 (Mo.1970). The reason for the rule is that proof of other crimes violates the accused's right to be tried for the offense with which he is charged. But the testimony of Patrolman Jones did not refer to any other crime. It referred to the facts and circumstances of appellant's arrest. There is nothing in his testimony which refers to any other offense. Cf. State v. Tillman, *supra.*

In State v. Taylor, 408 S.W.2d 8 [6, 7] (Mo.1966), it was held that an answer that defendant was arrested as a fugitive from justice did not indicate that the defendant had committed another offense. And in State v. Brletic, 283 S.W.2d 568 [1, 2] (Mo.1955), it was held that an answer by a witness stating she had read the defendant was wanted by the FBI was not prejudicial as implying that defendant was wanted for crimes other than the one charged.

In this case there was not even such a reference as in State v. Taylor, *supra,* and State v. Brletic, *supra.* The jury could not have drawn any inference from Patrolman Jones' testimony that defendant was being arrested for another crime. It is more likely that the jury would consider that the patrolman arrested appellant for the offense for which he was on trial rather than for another offense.

There is another reason why the testimony was not error. Counsel for defendant, on cross-examination of the state's witnesses, Delores Daniels and Lonnie Nabors, attempted to show that the appellant had been an unwilling participant in the robbery. Thus, evidence of the presence of the defendant with Winn at the time of the arrest was relevant to the issue of defendant's willing participation in the robbery. A fact is relevant if it tends to prove a fact in issue. State v. Walden, 490 S.W.2d 391, 393 (Mo.App.1973). The testimony was offered to prove a material fact.

We have considered and examined the information, verdict, judgment and sentence, and find them all to be proper.

There is no error. The judgment is affirmed.

SMITH, P. J., and KELLY, J., concur.