**STATE of Missouri, Plaintiff-Respondent,**

v.

**Odis Larking MANLEY, Defendant-Appellant.**

**No. 35271.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 30, 1974.

Motion for Rehearing or Transfer Denied
Sept. 11, 1974.

Shaw & Howlett, Terry J. Flanagan, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Gene McNary, Pros. Atty., James R. Hartenbach and Noel L. Robyn, Asst. Pros. Attys., Clayton, for plaintiff-respondent.

DOWD, Chief Judge.

Defendant was convicted by a jury of Stealing Property Over The Value of $50 (Section 560.156, RSMo 1969, V.A.M.S.). The State proved three prior felonies and defendant was sentenced by the court to five years imprisonment pursuant to the Second Offender Act (Section 556.280, RSMo 1969, V.A.M.S.). Defendant appeals.

No challenge is raised to the sufficiency of the evidence to support the conviction. The evidence presented was such that the jury could have reasonably found the following facts: About 1:30 a. m. on February 11, 1972, defendant and a companion entered the office of a service station near Valley Park, Missouri. Defendant announced to the attendant on duty that he, the defendant, was "going to get him," whereupon both the attendant and his brother fled from the station. The attendant returned to the station with the police and found the cash register missing. There was approximately $160 in the register and the register itself was valued at $50.

Later that same day three police officers went to defendant's residence. One officer observed defendant carrying the stolen cash register from one room to another, and defendant was arrested.

Ms. Bethany Crider, a woman with whom the defendant lived, testified for the defendant. She stated that on the night of the commission of the crime, defendant returned home drunk sometime after midnight and passed out on the living room floor. On cross-examination Ms. Crider said that defendant's companion brought the register in from the car and divided the money in half. The companion then left with his share of the money. Ms. Crider, on orders from the defendant, hid the defendant's money in a bookcase, and defendant returned the next day and retrieved it. On the night of the theft, defendant told Ms. Crider to tell the police when they arrived that she knew nothing about a theft.

Defendant raises three contentions on this appeal. The first concerns the impropriety of questions asked of defendant's witness during cross-examination. The second refers to statements made by the State in closing argument. The third concerns the failure of the court to give a requested instruction. We affirm.

■ Defendant argues that a portion of the cross-examination of Ms. Crider was prejudicial, "constituted proof of other crimes by implication and insinuation" and that the State's questions were immaterial and irrelevant. We disagree. The cross-examination of which defendant complains is as follows:

Q Did he [defendant] tell you what if anything to tell the police officers at that particular time?

A That I didn't know anything.

Q   Did he further tell you that you had been asleep and you don't know what happened?

A   Right.

Q   Did he ever tell you to say that at any time other than that evening? (At this point, defendant's attorney objected to the question on the grounds that it was immaterial, irrelevant and tended to show evidence of other crimes. The objection was overruled.)

Q   Mrs. Crider, did he at any other time after that evening at your house in the early morning at your house tell you to say the samething?

A   Yes.

This is proper cross-examination, and it is obvious that the purpose of these questions was to impeach Ms. Crider's testimony. We do not believe this cross-examination even remotely inferred or suggested the commission of other crimes. See State v. White, 495 S.W.2d 448 (Mo.App.1973). There is nothing in this testimony which referred to any other offense. The most likely inference to be drawn by the jury from Ms. Crider's testimony is that the defendant told Ms. Crider more than once not to say anything to the police about the crime charged. The contention is without merit.

Defendant's second point on appeal concerns the prejudicial effect of certain remarks made by the prosecutor in his closing argument to the jury. The argument complained of is as follows:

Lady and Gentlemen of the Jury, the credibility instruction in this particular case is something that you should look at very closely. I called some nine witnesses, endorsed and called by me to testify. Those persons told you a story what (sic) had happened. Now the credibility instruction tells you that you can consider what interest any person has in the case in determining his credi-

bility or her credibility. Not one of the nine people that I called came back here this morning to listen to the closing argument in this case. (Whereupon objection was made by defendant which was overruled).

■ "A prosecutor has the right to comment on the evidence and the credibility of the witnesses from the State's viewpoint. Matters with reference to arguments to juries must to a great degree rest with the sound discretion of the trial court." State v. Sallee, 436 S.W.2d 246, 254 (Mo.1969). Counsel are entitled to wide latitude in oral argument to jury. State v. Taylor, 508 S.W.2d 506[15] (Mo. App.1974). We cannot say that the trial court committed an abuse of discretion in allowing such an argument.

■ Defendant's last point is that trial court erred in failing to give an instruction on Stealing Under $50. An instruction must have a basis in evidence before it can be submitted to the jury, and there is no error in refusing to submit an instruction that has no such evidentiary support. State v. Goodman, 496 S.W.2d 850 (Mo.1973). An instruction on Stealing Under $50 need not be given where the only evidence in the case relating to the value of the stolen property was that it was in excess of $50. State v. Cox, 508 S.W.2d 716, 723 (Mo.App.1974); State v. Matzker, 500 S.W.2d 54 (Mo.App.1973). Here the only evidence in this case regarding the value of the stolen property was that it exceeded $50. The station owner testified that the cash register was worth about $50; that three hours prior to the crime he placed $80 in the register; the sales for that period were $80 to $82. Thus, there was a sufficient basis in evidence to support the instruction on Stealing Over $50 and no basis to support an instruction on Stealing Under $50. The requested instruction was properly refused.

Finding no prejudicial error, the judgment is affirmed.

SIMEONE and WEIER, JJ., concur.