**STATE of Missouri, Respondent,**

v.

**Walter Lee WESTMORELAND, Appellant.**

**No. 36943.**

Missouri Court of Appeals, St. Louis District, Division Four.

Sept. 21, 1976.

Dennis Neil Smith, Asst. Public Defender, Clayton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Walter Lee Westmoreland was found guilty by a jury of murder in the second degree and sentenced to imprisonment for a term of eighteen years. He has appealed from the ensuing judgment. We affirm.

Appellant does not challenge the sufficiency of the evidence. It is sufficient to state that a jury reasonably could find that on April 12, 1974, in St. Louis County, appellant shot and killed Chester L. Dent. Certain additional facts will be related in connection with issues presented on this appeal.

Janet Sanders was "living" with appellant, and on the day of the homicide Chester Dent came to her apartment and asked to talk to Nancy, his wife, from whom he was separated and who was Janet's sister. She asked Dent to leave and he did so.

Janet, and others at the house, which included Nancy and appellant, then went to a nearby real estate office where Janet's mother worked and Dent followed them. A disturbance there occurred and appellant shot and killed Dent. Janet testified that after the shooting she went to where Dent was lying and at that time he was still alive. She looked for weapons and saw none. She further testified that after conferring with Roscoe Johnson, one of the persons who had gone to the real estate office she placed in Dent's hand a knife which she had previously obtained at her home and put in her purse.

■ In Point I appellant assigns as error the admission in evidence of the testimony of Janet that she placed a knife in Dent's hand because "such act was neither part of the res gestae, nor act of defendant, nor attributable to him, but merely the act of a third party, acting alone and, therefore irrelevant and immaterial."

We first note that the testimony of Janet to which this objection was directed did not pertain to the proof of a homicide by appellant. In fact, in his testimony appellant admitted that he did the shooting that caused Dent's death. Therefore, the cases cited by appellant (for example, *State v. Talbert*, 454 S.W.2d 1 (Mo.1974)) to the effect that "a statement or act of a third party made out of the presence of the defendant is not admissible in the absence of the showing of a conspiracy," are not in point because they pertain only to acts or statements of a third party to prove the commission of the charged offense. The testimony in this case pertained to an issue of self-defense, and whether Dent had a weapon in his hand, and if so for what reason, was material and relevant to that issue. When the police officers arrived there was a knife in Dent's hand. If that knife had been placed there after the shooting, as Janet testified, the State was entitled to show this to disprove appellant's claim of self-defense. The trial court properly admitted this testimony.

■ During oral argument to the jury the following occurred:

MR. DITTMEIER [Prosecutor]: Don't picture him sitting quietly here like he is now. Picture him that day when Chester Dent was looking at his wife and put that gun to his temple and shot him.

MR. SCHAINKER [Defense Counsel]: I object to that, Your Honor. May we approach the bench?

THE COURT: Objection sustained. (The following was heard at the bench out of hearing of the jury)

MR. SCHAINKER: Your Honor, I object to the last, putting the gun to the temple as prejudicial and inflammatory argument on the part of the prosecutor. He is conducting an experiment. We have never had any expert in to testify to that. No witness testified or made an experiment of that nature in this courtroom. It is totally outside the scope of the evidence. It is prejudicial and I move for a mistrial.

THE COURT: It is overruled. Let the record show all he has done is pick up the gun and pointed it and pulled the trigger.

MR. SCHAINKER: I ask the jury to be admonished to disregard it, Your Honor.

THE COURT: The jury will be so instructed.

\* \* \* \* \* \*

(The following was heard within hearing of the jury)

THE COURT: The jury will disregard the display by Mr. Dittmeier.

It is not clear as to precisely what the prosecutor did. But, assuming that he picked up the murder weapon, held it to his temple, and pulled the trigger (an extremely foolish act), there was evidence that this was the way the homicide occurred. The trial court sustained appellant's objection to the display, and admonished the jury to disregard that display. In his Point II appellant asserts as error the refusal of the court to declare a mistrial.

■ The display was part of the argument as to which the court has considerable discretion. *State v. Wright*, 515 S.W.2d 421

(Mo. banc 1974). Also, granting a mistrial is a drastic remedy not to be taken unless the incident is so grievous that the prejudicial effect can be removed no other way. *State v. Smith*, 431 S.W.2d 74 (Mo.1968). We cannot say with any confidence that the display was improper under the circumstances. The trial court viewed the occurrence and concluded that the requested remedial action, other than a mistrial, was sufficient and we cannot determine as a matter of law that the trial court abused its discretion.

The remaining five points in appellant's brief pertain to oral argument by the prosecutor. Points IV, VI, and VII pertain to matters which were not assigned as error in the motion for new trial. Appellant asserts they constitute plain error within the meaning of Rule 27.20. We have reviewed carefully the comments of the prosecutor as to whether they constitute plain error, and collectively or individually they do not. We have no occasion to mention them further.

■ There was evidence that at times Chester Dent, the victim, carried a gun. In commenting on this in relation to the issue of self-defense, the prosecutor said: "He [Dent] took it [the gun] when he was going to get the receipts from the laundromat, when he was carrying money. Other than that, there was no evidence at all that Chester Dent was dangerous. Anything Chester Dent had ever done of a violent nature would have been admissible in this —." The Court sustained appellant's objection, and directed the jury to disregard the comment, but it refused to grant a mistrial. In his Point III appellant assigns the refusal to grant a mistrial as prejudicial error.

We need not restate the applicable rules relating to the discretion of a trial court in granting a mistrial because of an incident occurring during oral argument. We adopt what we have said in ruling on Point II as dispositive of this Point.

■ In commenting on the testimony of Janet Sanders, with whom appellant had been "living," and who testified that after Dent had been shot she had placed a knife in his hand, the prosecutor said: "She re-turns and sticks a knife in his hand. Why? To protect Westmoreland. And, none of these witnesses in here were pillars of the community. I am the first to tell you that. She did that to protect Westmoreland. I suspect she would have never have come in here except Westmoreland, the man who claims he was so frightened he had to act in self defense, started saying he was going to kill the witnesses." The objection, which was overruled, was that it was "totally outside the record." Point V on this appeal is that "said statement was totally beyond the scope of the evidence and * * * it prejudicially implies knowledge of some evidence on the part of the prosecutor which could not be introduced in the trial." The second reason was not presented to the trial court.

■ There was evidence that appellant threatened to kill every person including Janet Sanders who was a witness to the shooting of Chester Dent. The prosecutor had a right to comment in argument on the evidence and the credibility of the witnesses, and the extent of such argument must, in a substantial degree, rest within the sound discretion of the trial court who heard that evidence and observed the witnesses. *State v. Manley*, 513 S.W.2d 703 (Mo.App.1974); *State v. McFadden*, 530 S.W.2d 440 (Mo.App.1975). In this case the prosecutor was entitled to comment on the evidence which showed Janet Sanders was a friend of appellant and who first tried to make the shooting appear to have been done in self-defense by placing a knife in the hand of the victim. It was perfectly proper for the prosecutor to draw an inference from the evidence that Janet Sanders would have remained friendly to appellant and would not have willingly testified for the State as to the circumstances of the shooting except for the fact that appellant threatened to kill all witnesses, including her. There is absolutely no merit to this contention.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.