**STATE of Missouri, Plaintiff-Respondent,**

v.

**Verlie Lee CAMPBELL,
Defendant-Appellant.**

**No. 37805.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 1, 1977.

Robert C. Babione, Public Defender, Mary Louise Moran, James W. Whitney, Jr., Asst. Public Defenders, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals from a conviction of Stealing Property Over the Value of $50. § 560.156.2, RSMo 1969; § 560.161.1(2), RSMo 1969. The State proved one prior felony and the sentence imposed by the trial judge was six years imprisonment pursuant to the Second Offender Act. § 556.-280, RSMo 1969.

The sufficiency of the evidence supporting the conviction is not challenged. Ron Griffin, a Security Guard for Stix, Baer, and Fuller testified that he saw defendant enter the store, proceed to the Men's Department on the fourth floor, approach a rack displaying leather coats, put on a leather coat over his blue windbreaker, put the sales tab in the coat pocket, and return to the elevator. Griffin, following the defendant, stopped him as he was attempting to leave the store.

Defendant raises one contention on appeal. Appellant claims that the trial court erred in failing to give defendant's Instruction B, and Instruction on Stealing Under $50.00, because there was substantial doubt as to the value of the coat in question. Appellant argues that the value of the coat was not established as clearly being over $50.00. The argument is made that because the coat now appears in a damaged condition, depreciation of the coat should be considered in determining the value of the coat. We do not agree.

It was clearly established by the testimony of Mr. Black, an assistant buyer of men's casual wear at Stix, Baer & Fuller, that the coat was of the type and brand handled by the store. Mr. Black testified that the cost of the coat to Stix at the time of purchase in July 1975 was $79.20 and that, although the retail price of coats may be marked down after Christmas when the coats become carry-over stock, the invoice price is not depreciated. Thus the value of the coat on October 8, 1975 is the same as the value of the coat when purchased in July 1975. Mr. Black stated that while the coat looked rather worn now, it was a result of the coat being crushed in the evidence bag.

The only evidence received by the court is that the coat exceeded the value of $50.00. When a request is made for an instruction on stealing under $50.00 and all of the evidence given indicates that the property is over the value of $50.00, there is no error

in refusing to so instruct. *State v. Matzker,* 500 S.W.2d 54, 57 (Mo.App.1973); *State v. Manley,* 513 S.W.2d 703, 705[6, 7] (Mo. App.1974).

The appellant argues that because of the present worn condition of the coat, the jury should take into consideration the depreciation of the coat in determining the value of the property involved in the theft. Thus the contention is made that Instruction B, on Stealing Under $50.00 was improperly refused. Appellant relies on *State v. Cox,* 508 S.W.2d 716 (Mo.App.1974), in which it was held that a jury could consider depreciation on a stereo which had been bought three months prior to the theft. The case at bar can be distinguished. In *State v. Cox,* the property stolen was from a private home, the owner having bought the stereo three months prior to the theft. In this case the coat was stolen from the retail store; and at the time of the theft, evidence was submitted to establish the value of the coat to Stix, Baer, and Fuller at $79.20. Thus there was a sufficient basis in evidence to support the instruction on Stealing Over $50.00 and no basis to support an instruction on Stealing Under $50.00. The requested instruction was properly refused.

Finding no prejudicial error, the judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.