STATE of Missouri, Respondent,

v.

Johnny G. WARD, Appellant.

No. KCD 29258.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Roger M. Driskell, Richmond, for appellant.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Johnny Ward's motion under Rule 27.26 was denied by the court without an evidentiary hearing.

From this ruling Ward appeals and alleges (1) his motion raised issues of fact which required a hearing; (2) the court erred in failing to make written findings of fact and conclusions of law; (3) the guilty plea was not voluntary because made under threats; (4) he was denied effective assistance of counsel; and (5) the court found him guilty of a crime he did not commit. Affirmed.

Ward entered a plea of guilty to murder in the first degree under § 559.007, RSMo 1975 Supp., which was in effect on January 30, 1976, the date of the crime here involved. A transcript of the guilty plea has been filed here and shows the court fully complied with Rule 25.04. No contention is made that the trial court did not correctly determine the plea was made voluntarily and with understanding of the nature of the charge before it was accepted.

On this appeal Ward first contends the court erred in refusing to hold an evidentiary hearing because his motion raised issues of fact which were not contradicted by the record of the guilty plea. Ward does not spell out what facts his motion pleaded which were not contradicted by the guilty plea hearing and an examination of his motion fails to reveal any.

Ward contends the court erred in failing to make written findings of fact and conclusions of law. Under *Smith v. State,* 513 S.W.2d 407, 412[7] (Mo.banc 1974) the court is not required to make findings of fact when it is authorized to deny the motion without an evidentiary hearing.

Ward next contends his guilty plea was not voluntary because he was acting under fear of having a more serious charge filed against him and because he was led to believe he would receive an early parole in return for a plea of guilty. Both of these grounds are refuted by the guilty plea hearing. At that time Ward unequivocally stat-

ed he was not pleading guilty as a result of any threat. The court also elicited from Ward the clear statement that Ward knew the court would impose punishment and that no promises had been made concerning his punishment. These allegations likewise are refuted by the guilty plea hearing.

■ Ward also contends he did not receive effective assistance of counsel because of various infirmities in his counsel's action. However, once a guilty plea is entered, determination of the adequacy of counsel is immaterial except to the extent that it bears on the voluntariness and understanding of the person to enter his plea of guilty. *Parks v. State*, 518 S.W.2d 181, 184[3] (Mo.App.1974). It should be noted, at the time of the guilty plea, the court fully explored the action of Ward's counsel. Ward stated his counsel had explained the case very fully to him and he was satisfied with the services rendered to him during the three months his counsel represented him.

■ Ward finally contends the court in effect found him guilty of a crime he did not commit by denying his motion. Ward's argument seeks to attack the sufficiency of the State's evidence to show him guilty of murder in the first degree under § 559.007. It is well settled that the sufficiency of the evidence may not be challenged by a motion under Rule 27.26. *McCrary v. State*, 529 S.W.2d 467, 471[6] (Mo.App.1975). However, it should be noted at the guilty plea hearing the State recited evidence to demonstrate Ward's guilt and Ward's attorney acknowledged the facts stated were true.

The judgment is affirmed.

All concur.