**STATE of Missouri, Respondent,**

v.

**Robert Louis GOREE, Appellant.**

**No. 30542.**

Missouri Court of Appeals,
Western District.

June 29, 1979.

David M. Strauss, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Robert Goree was convicted by a jury of stealing a motor vehicle §§ 560.156 and 560.161, RSMo 1969, and sentenced as a second offender to imprisonment for five years. On this appeal Goree contends the court admitted evidence of other crimes when it allowed the arresting officer to state that he arrested Goree for operating a motor vehicle without the owner's consent and as a fugitive from Columbia, Missouri. Affirmed.

Goree was arrested in November, 1977, in St. Louis when a police officer became suspicious of his activities in an alley around the trunk of a 1977 Olds Cutlass. As a result of investigating the ownership of the automobile, Goree was taken to the police station. The officer stated a phone call was placed to Columbia, Missouri. After evidence of that call he was asked on direct examination the nature of the charges for which he arrested Goree. The officer stated he advised Goree he was under arrest "for operating without the owner's consent and a fugitive from Columbia, Missouri." No objection was made to the question or answer.

On cross-examination by Goree's counsel, the officer was asked, "You placed him under arrest for auto tampering didn't you?" To this the officer answered, "I placed him under arrest for operating without the owner's consent and for fugitive from Columbia."

The only evidence of any crime was the stealing of the Olds Cutlass from Columbia, Missouri, and an admission by Goree that he took the automobile from the dealership where it had been left for repairs and drove it to St. Louis. Goree now contends the court committed prejudicial error when it overruled his objection to the officer's answer during cross-examination concerning the nature of the charges for which Goree was arrested. The objection at trial was that the officer's answer indicated there were other charges pending against him. On appeal the contention is made the answer shows the commission of another crime.

In *State v. Taylor*, 408 S.W.2d 8 (Mo. 1966) a police officer stated he arrested the defendant as a fugitive from justice. The arrest there was made in the City of St. Louis and the crime had been committed in St. Louis County. The court stated the jury could probably consider that the City policeman made the arrest at the request of the County as a part of its investigation of the offense in question. Here the crime for which Goree was being tried was committed in Columbia and he was arrested in St. Louis. The evidence showed the police officer made a call to Columbia prior to the time he actually placed Goree under arrest. As in *Taylor*, the jury here would most likely consider the phrase "fugitive from Columbia" as indicating only that Columbia was interested in having the person who stole the Olds arrested for that crime. There is no other evidence that even suggests the commission of another crime by Goree nor that he was wanted on any other charges.

Further, in *Taylor* the police officer testified twice that he arrested the defendant as a fugitive from St. Louis County. The first objection was not preserved and the court held that since the defendant could not complain of the first answer the admission of the second answer would be harmless even if it were assumed the answer was inadmissible. Likewise, in this case the officer testified twice that he arrested Goree

as a fugitive from Columbia—the first without objection. Thus, under *Taylor*, even if it be assumed the answer was inadmissible, the second answer would be harmless.

Goree attempts to distinguish *Taylor* on the basis that the only reason for arrest given in *Taylor* was as a fugitive from St. Louis County whereas in this case two reasons were assigned—for operating without the owner's consent and fugitive from Columbia. No distinction may be drawn on this basis. The only complaint made here concerns the phrase "fugitive from Columbia" which is the same phrase used in *Taylor*. *Taylor* held the jury would not construe the complained of phrase to be evidence of another crime. There is thus no basis on which to hold the same phrase objectionable on that ground in this case.

The judgment is affirmed.

All concur.