Walter Lee WESTMORELAND,
Appellant,

v.

STATE of Missouri, Respondent.

No. 61213.

Supreme Court of Missouri,
En Banc.

Feb. 11, 1980.
Rehearing Denied March 11, 1980.

Paul E. Corning, Jr., Clayton, for appellant.

John Ashcroft, Atty. Gen., Kathryn Marie Krause, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Defendant, movant-appellant here, was convicted of second degree murder and sentenced to 18 years imprisonment in March, 1975. Following affirmance in the criminal proceeding, *State v. Westmoreland*, 541 S.W.2d 769 (Mo.App.1976), defendant filed two pro se motions under Rule 27.26 in

1977, which were denied that year by the hearing court as neither alleged facts entitling defendant to post-conviction relief.[1] His appeal, taken to the Court of Appeals, Eastern District, was transferred here after opinion affirming the hearing court's denial of the motions. We too affirm and incorporate without quotation marks portions of the Court of Appeals' (Gunn, J.) well reasoned opinion.

At a time following denial of Westmoreland's 27.26 motions but during the pendency of his appeal, this Court in *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978), announced two procedural changes governing post-conviction proceedings. (1) That appointment of trial counsel for indigent movants is required in all 27.26 cases, and (2) that trial courts must enter findings of fact and conclusions of law in all such proceedings.[2] However, we expressly held the effect of *Fields* to be prospective. *Id.* See also *Baker v. State*, 584 S.W.2d 65, 66 (Mo. banc 1979). Accordingly, Westmoreland's 27.26 motions, considered and denied prior to *Fields*, were governed by the procedural standards declared in *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). For the reasons following we find the trial court's judgment was not clearly erroneous in light of the then applicable rules of procedure.

*State v. Westmoreland, supra*, details the evidence leading to movant's conviction. Four eyewitnesses saw movant shoot and kill Chester Dent. Westmoreland claimed self-defense. In the first of his 27.26 motions movant alleged ineffective assistance of counsel on the ground that his "counsel

had failed to interview and investigate potential defense witnesses . . . depriving movant's right to have witnesses at the time of the trial . . ." More specifically, movant alleged that three of the four eyewitnesses to the killing wished to recant their testimony after trial; that the victim had a police record of assaults with a weapon; that two of the eyewitnesses (one of whom was the victim's wife) were engaged in a homosexual relationship at the time of the trial; that one of the eyewitnesses had forewarned movant of the victim's vicious propensities; that two of the witnesses had conspired to collaborate on supposedly false testimony; that one of the witnesses, who testified that she had placed a knife in the victim's hand after his death to aid movant's defense of self-defense, had removed a pistol from the victim's pocket at the same time.

The second 27.26 motion alleged ineffective assistance of counsel by reason of his counsel's unawareness of the victim's wife's homosexual activities with another eyewitness to the killing; that pretrial procedures requiring movant to reveal the identity of his witnesses deprived him of his liberty and the preparation of his defense; that while 13 trial errors had been included in the motion for new trial, only two were urged on appeal.

The trial court denied each motion without hearing because neither stated facts entitling movant to relief. Movant's appeal contends the trial court erred: (1) in failing to make specific findings of fact or conclusions of law; (2) in failing to hold an evidentiary hearing for the reason that the two motions did state a basis for relief; (3)

1. The second motion raised issues in part repetitious of those in the first and to that extent was subject to summary denial under the provisions of 27.26(d). Further, the prisoner made no effort to shoulder his burden of establishing that the new grounds contained in the second motion "could not have been raised by him in the prior motion." 27.26(d). We, as the trial court did, shall treat the motions as one.

2. The first of the new requisites for Rule 27.26 proceedings declared by this Court in *Fields* as to automatic appointment of counsel for indigent movants is now embodied in Rule 27.-

26(h), as amended December 14, 1978; see 34 J.Mo.Bar 550 (1978). The second, concerning the requirement for findings of fact and conclusions of law, was a new exposition of Rule 27.26(i) and to that extent overruled the view expressed in *Smith v. State*, 513 S.W.2d 407, that findings of fact and conclusions of law were not required in all such cases. However, *Fields* left undisturbed the requirement of Rule 27.26 enunciated in *Smith* that the pleadings must state facts, not conclusions, as a predicate for relief.

in depriving movant assistance of counsel to amend his motions. When determining whether the motion states a basis for relief the court reviews the *"files and records of the case,"* rule 27.26(e), *Giles v. State,* 562 S.W.2d 106, 110 (Mo.App.1977), and because it was clear from the record neither motion presented issues entitling movant to relief, no evidentiary hearing was required. *Smith v. State,* 513 S.W.2d 407, 411, *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). The bulk of the first motion concerned newly discovered evidence which movant argues would lead to more salutary result for him. However, a proceeding under Rule 27.26 is not the proper vehicle for relief on the basis of newly discovered evidence. *Hatfield v. State,* 529 S.W.2d 180, 181 (Mo.App.1975). *Beishir v. State,* 480 S.W.2d 883, 885 (Mo.1972).

■ The balance of movant's first 27.26 motion related to the fact that a witness had made movant aware of the victim's violent nature prior to the fatal attack and this he urges lends support to his claim of self-defense. But this contention states no basis for relief because movant's personal knowledge of the victim's propensities would not be admissible in any event.

It has long been the rule in this State that where the defense is self-defense evidence is competent to prove that the deceased bore the reputation of being of a violent and turbulent disposition or character, but that such must be proved by testimony concerning his general reputation and not by evidence of specific acts of violence having no connection with defendant.

*State v. Duncan,* 467 S.W.2d 866, 867 (Mo. 1971). *Accord State v. Maggitt,* 517 S.W.2d 105, 107 (Mo. banc 1974).

The second 27.26 motion asserts that Westmoreland's confession was obtained as a result of coercion, but the record of his criminal trial is barren of any confession,

hence the contention is meritless. Movant again makes reference to an alleged homosexual relationship between two of the State's witnesses and defense counsel's failure to investigate the libidinous conduct. The record reveals that allegations of such relationship were based on raw hearsay and had been denied by the accused participants; that movant's counsel and the prosecutor had investigated the rumor and were unable to obtain any competent evidence of its truth.

■ Movant's second motion also complains that pretrial procedures requiring him to disclose the identity of his witnesses and the theory of defense result in deprivation of certain constitutional rights.[3] Again, movant's complaint is without merit. The pretrial discovery procedures followed by the State in this case are authorized by Rule 25.34. Movant has failed to allege facts demonstrating he was in any way prejudiced by the application of the Rule; he is, therefore, without standing to challenge its constitutionality. *State v. Toliver,* 544 S.W.2d 565, 569 (Mo. banc 1976).

■ Movant also charges ineffective assistance of counsel in that his attorney on the criminal appeal urged only two of the 13 alleged errors in the motion for new trial. As explained in *Hemphill v. State,* 566 S.W.2d 200 (Mo. banc 1978), such complaints are not properly cognizable under Rule 27.26.

Neither motion stated facts entitling movant to relief, hence it was not error to deny them without hearing. *Smith v. State, supra.*

Movant next contends the trial court erred in failing to make specific findings of fact and conclusions of law. But the court was not required to make such findings under the then controlling rules of procedure, *Smith v. State, supra; State v. Ward,*

---

**3.** The allegation is as follows: "The order of the court requiring movant to reveal his defense to the state prior to trial deprives him of his liberty without due process of law, in that, said order hampered movant in fully preparing his defense; it restricted and limited his ability to call witnesses, and denied him the right to offer a full and complete defense to the within charge. For the Court's information, movant states that the United States Supreme Court has condemned as unconstitutional the above procedure."

563 S.W.2d 153 (Mo.App.1978), for the summary denial of the motions was deemed "equivalent to findings of fact and conclusions of law in opposition to the grounds set out in his [movant's] motion." *Morgan v. State*, 569 S.W.2d 16, 17 (Mo.App.1978).

■ Finally, movant complains of the trial court's failure to appoint counsel for preparation of his motions. As noted above, such appointment was not required under the rules prevailing at the time of the trial court's action. The provisions of the rule 27.26(h) then in vogue, gave no absolute right to appointment of counsel for an indigent accused and we find the trial court did not abuse its discretion in this regard. As noted, movant's points presented no questions of law or issues of fact under Rule 27.26 requiring a hearing, which would have called for appointment of counsel at that stage of the proceedings, *Crawford v. State*, 554 S.W.2d 491, 495 (Mo.App.1977), and such procedure does not constitute deprivation of movant's constitutional rights. *Cole v. State*, 553 S.W.2d 877, 885 (Mo.App. 1977); *Winston v. State*, 533 S.W.2d 709, 715 (Mo.App.1976). *Rodgers v. State*, 567 S.W.2d 634 (Mo. banc 1978), urged by movant as a basis for reversal is not apt, for in *Rodgers*, movant's 27.26 motion did state facts, which, if true, would have entitled him to an evidentiary hearing. That is not the situation here.

The judgment of the trial court is affirmed.

All concur.