## Edward v. BREMMER, Jr., Appellant,

v.

## STATE of Missouri, Respondent.

### No. 55639.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1990.

Dennis James C. Owens, Chesterfield, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant, Edward V. Bremmer, Jr., appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Movant was convicted of assault in the first degree, section 565.050, RSMo 1986, and was sentenced to thirteen years imprisonment. On June 30, 1988, movant filed a Rule 29.15 motion for post-conviction relief alleging newly discovered evidence. The court denied the motion without an evidentiary hearing. This appeal follows.

Movant claims the circuit court erred in denying the Rule 29.15 motion without an evidentiary hearing because movant claimed there was newly discovered evidence material to his case. Movant's new evidence is a post-trial, out-of-court statement made to him by the complainant that "he knew that the movant did not stab him in the back."

No evidentiary hearing is required under Rule 29.15(g) if the motion, files and records of the case conclusively show that the movant is not entitled to relief. In addition, appellate review of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). Such findings and conclusions are clearly erroneous if, upon review of the entire record, an appellate court is left with the definite and firm impression that a mistake has been made. *Moton v. State*, 772 S.W.2d 689, 691 (Mo.App.1989).

■ It is well-settled in Missouri that a post-conviction proceeding is not the proper vehicle for relief on the basis of newly discovered evidence. *Westmoreland v. State*, 594 S.W.2d 596, 598 (Mo. banc 1980). This is so even where the newly discovered evidence is evidence of another person's guilt of the crime for which movant was convicted. *Phillips v. State*, 639 S.W.2d 270, 275 (Mo.App.1982).

■ Movant further claims that the failure to conduct an evidentiary hearing on such newly discovered evidence constitutes a denial of due process rights under the constitution. However, there is no constitutional right to post-conviction review. *Day v. State*, 770 S.W.2d 692, 693 (Mo. banc 1989).

Movant has failed to identify any error in the lower court's denial of his Rule 29.15 motion without an evidentiary hearing.

Judgment affirmed.

SIMON, C.J., and SIMEONE, Senior Judge, concur.