**Joe Ray STOUT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28267.**

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer
Denied Nov. 29, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Christopher R. Brewster, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Joe Ray Stout filed a pro se motion pursuant to Rule 27.26. This was followed by an amended motion filed by his appointed counsel. The court disposed of the pro se motion by finding it was conclusionary in nature and raised no factual issues that could not be determined and adjudicated from the records and files of the court. The court found an evidentiary hearing on such petition was not required and further found from a review of the motion, together with the court's records and files, that such motion was without merit, and overruled the same.

On the amended motion claiming credit for jail time, the court filed findings of fact and conclusions of law in which Stout was granted credit for twenty-five days jail time.

This appeal attacks only the finding made on the original pro se motion. The single point raised is that the court erred in overruling the motion "as the findings filed were insufficient to permit appellant to properly perfect his appeal." Affirmed.

Stout contends the court was required by Rule 27.26 to make findings of fact and conclusions of law and argues the order overruling the motion was insufficient under *Baker v. State,* 532 S.W.2d 897 (Mo. App.1976). Baker is not applicable because in that case an evidentiary hearing was held. In this case the court concluded an evidentiary hearing was not required and none was held.

This case is governed by the holding in *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974), cert. den. 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), and *Hogshooter v. State,* 514 S.W.2d 109 (Mo.App.1974). The court stated in *Hogshooter* at 514 S.W.2d 113[2]: "To paraphrase *Smith v. State,* supra, the summary denial of appellant's motion was equivalent to findings and conclusions in opposition to the grounds set out in his motion to vacate."

■ The denial of Stout's motion in this case was equivalent to findings and conclu-

sions opposed to the grounds stated in Stout's motion. If the court was correct in its conclusion, its order is sufficient. Stout could certainly raise on this appeal the correctness of the court's ruling, however, he has not chosen to do so. Thus, the finding that his motion could be ruled on the records and files of the court did not deprive him of the right to appeal nor to perfect his appeal. It simply obviated the necessity of the court to make findings of fact and conclusions of law beyond a finding that the motion could be ruled upon the basis of the court's records and files. Stout's contention that the failure to make findings of fact deprives him of the opportunity to properly perfect his appeal is overruled on the basis of *Smith* and *Hogshooter.*

■ Stout urges additional reasons to demonstrate error in not making findings of fact which are not stated in his point in his brief. However, the requirement of the rule that the points relied on should show what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous "contemplates particularization in 'points relied on' (citations omitted), and the requirements of the rule are not satisfied by discussion and references in the 'argument' (citations omitted), for an appellate court has no duty to seine through the entire brief in an effort to ascertain the points on which an appellant depends." *State ex rel. State Highway Commission v. Warner,* 361 S.W.2d 159, 162[3] (Mo.App.1962).

■ The reason given in the "points relied on" has been dealt with. Additional reasons contained only in the argument portion have not been preserved and will not be discussed.

The judgment is affirmed.

All concur.