**Timothy Larry JONES,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 39257.

Missouri Court of Appeals,
St. Louis District,
Division 1.

March 21, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 1978.

David V. Uthoff, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Mitchell F. Stevens, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant has appealed from denial of his Rule 27.26 motion. We affirm.

Defendant entered pleas of guilty to first-degree robbery and attempted rape and the trial court set punishment at eight years' imprisonment. Thereafter, defendant filed his Rule 27.26 motion alleging involuntary pleas of guilty and ineffective assistance of counsel. The trial court held an evidentiary hearing, denied defendant's motion and found defendant's plea was voluntarily entered with effective assistance of counsel. Defendant appeals.

First, defendant testified his guilty pleas were involuntary—that he pled guilty

because his attorney told him he would be released on probation. Defendant's attorney, Mr. Beatty, denied this and testified he specifically advised defendant probation was not a possibility. The trial court was not required to believe movant's testimony. *State v. Hurtt*, 509 S.W.2d 14[5] (Mo.1974).

█ Defendant further contends his pleas were coerced by the improper participation of the trial judge in the plea-bargaining process. At the Rule 27.26 hearing, Mr. Beatty testified that after a tentative plea agreement had been reached the trial judge advised him that all the circumstances would be considered in sentencing and that defendant might receive a lesser sentence than that recommended by the prosecuting attorney. Mr. Beatty related this information to defendant. Here, the trial judge did not participate; he merely commented on the tentative recommendation after the plea bargain had been struck. The trial judge's actions are properly within the guidelines in *State v. Tyler*, 440 S.W.2d 470[4–7] (Mo.1969):

> "If a tentative plea agreement has been reached which contemplates entry of a plea of guilty  .  .  .  in the expectation that other charges before that court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him.  .  .  ."

█ Here, the guilty plea record shows defendant's pleas were voluntary. He admitted the truth of the facts of robbery and attempted rape alleged by the state. Judge Walsh thoroughly examined defendant, pursuant to Supreme Court Rule 25.04, VAMR., with respect to each charge, and concluded: "Let the record show that the Court finds beyond a reasonable doubt that the plea of guilty on behalf of the defendant is a free and voluntary one on his part, that he understands the consequences of his plea and that he's pleading guilty because he is, in fact, guilty of this charge."

We find defendant knowingly and voluntarily entered the pleas of guilty. The trial court's findings and conclusions are not in error.

█ Second, defendant contends he was denied effective assistance of counsel because of counsel's failure to move for a psychiatric examination before the plea hearing. Counsel's inaction, he contends, caused him to involuntarily enter pleas of guilty.

In the absence of some warning sign or suggestion of mental aberration there is no duty on counsel to initiate an investigation of the mental condition of an accused. *Chapman v. State*, 506 S.W.2d 393[2, 3] (Mo.1974). The record fails to show defendant suffered from any mental disease or was incompetent to stand trial. Defendant argues his refusal to cooperate with his attorney signified his mental incompetency. We cannot agree. The record shows defendant refused to cooperate because he wanted a private attorney, not a public defender to represent him. This is not evidence of mental instability and we find defendant was not denied effective assistance of counsel.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.