Reginald MORGAN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39950.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

Motion for Rehearing and/or Transfer
Denied July 14, 1978.

Leonard W. Buckley, Jr., St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Appellant, Reginald Morgan, appeals from an order of the circuit court of the City of St. Louis denying, without an evidentiary hearing, his Rule 27.26, V.A.M.R., motion to vacate appellant's sentences and judgment entered August 21, 1975, on appellant's pleas of guilty. After a long, thorough hearing, wherein the prosecutor, defense counsel and appellant were present, appellant pled guilty to the following charges—Cause No. 75–555, Count I, attempted armed robbery and Count II, carrying a concealed weapon; Cause No. 75–607: robbery first degree; and Cause No. 75–608: attempted robbery first degree. The trial court rendered the following sentences: Ten (10) years imprisonment for attempted armed robbery (Count I); five (5) years imprisonment for carrying a concealed weapon (Count II); sentence on Count I to run consecutively with sentence on Count II for a total of fifteen (15) years; fifteen (15) years for armed robbery; and ten (10) years for attempted armed robbery, both sentences to run concurrently with the sentences imposed on Counts I and II for an aggregate of fifteen (15) years imprisonment.

In his Rule 27.26 motion appellant alleges that he was promised a sentence of not more than twelve (12) years and that his attorney told him to lie if questioned about any promises made during the plea bargaining process. Thereafter, the trial court entered the following order:

"after consideration of the Motion, Records and Files in Movant's causes, especially the transcript of his pleas of guilty, motion to vacate denied on the ground movant is entitled to no relief. . . ."

For reversal appellant argues the trial court erred in denying appellant's motion without an evidentiary hearing because the question of the voluntariness of the guilty pleas due to promises made to appellant was not refuted by the record and (2) in failing to make findings of fact and conclusions of law, Rule 27.26(i), V.A.M.R. For the reasons hereinafter given, we reject both allegations of error now asserted by appellant.

■ In consideration of appellant's second claim, neither citation to *Brown v. State,* 436 S.W.2d 724 (Mo.1969), nor *Baker v. State,* 532 S.W.2d 897 (Mo.App.1976), is apposite. In both *Brown* and *Baker* evidentiary hearings were held and both cases were reversed because the evidentiary hearings were not sufficient to permit the movants to properly perfect their appeals.

The instant case is ruled by *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974) *cert. den.,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), and *Hogshooter v. State,* 514 S.W.2d 109 (Mo.App.1974). In *Hogshooter,* paraphrasing from *Smith,* the court stated that the summary denial of movant's motion was equivalent to findings of fact and conclusions of law in opposition to the grounds set out in his motion. *See also Stout v. State,* 543 S.W.2d 797, 798 (Mo. App.1976), where court held that the denial of movant's motion was equivalent to findings and conclusions opposed to grounds

stated in movant's motion; and if the court was correct in its conclusion, its order was sufficient. *Id.* at 799. Consequently, we rule this contention against appellant.

■ Appellant's first claim raises the question of the voluntariness of the guilty pleas. In *Mainord v. State,* 541 S.W.2d 779 (Mo.App.1976), we were confronted with a similar case where the movant alleged that his attorney had told movant to lie when asked if any promises had been made. We held in *Mainord* that such fact, even if proven, would not entitle the movant to relief because the statements made by the movant in answer to the court's questions and the court's statements made to the movant adequately advised the appellant that any and all deals were no longer effective. *Id.* at 781.

Here, appellant was sworn, his counsel present before the court interrogated him and the trial court accepted his pleas of guilty. Thirty-two pages were used to transcribe appellant's guilty plea. Even a cursory reading of the transcript of the guilty plea proceeding shows that the court by its questions and statements scrupulously guarded all of appellant's rights. Appellant's answers to the court's questions clearly indicate that his guilty pleas were intelligently and voluntarily made and that he knew the full consequences of pleading guilty. So, we hold that it was proper for the court to deny appellant's motion because the guilty plea hearings supported the finding that appellant's pleas were freely and voluntarily given and knowingly made and that appellant knew all of the legal consequences of his pleas, and because the allegations made in appellant's motion were fully refuted by the record. *E. g., Parsons v. State,* 528 S.W.2d 162 (Mo.App.1975).

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.