**James Jeffrey TILLMAN,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39055.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 29, 1978.

William J. Shaw, Public Defender, Mary E. Fiser, First Asst. Public Defender, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George W. Schroeder, Courtney Goodman, Jr., Pros. Atty., Steven H. Goldman, Asst. Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

On November 10, 1975, movant entered a plea of guilty to a charge of second degree murder and was sentenced to imprisonment for a term of 30 years. On January 21, 1977, he filed a post-conviction motion pursuant to Rule 27.26 alleging the following grounds for relief: (1) movant's deficient mental intelligence quotient; (2) malpractice on the part of the two examining psychiatrists; (3) ineffective assistance of counsel on the bases of coercion and failure to prepare a defense. Movant's motion was summarily overruled by the court on February 28, 1977.

Movant challenges the summary denial of his post-conviction motion because of the failure of the lower court to conduct an evidentiary hearing and make findings of fact and conclusions of law. Movant asserts that the court erred in denying an evidentiary hearing on the following points: (1) movant was incapable of understanding the consequences of his guilty plea due to his deficient mental intelligence quotient; (2) the psychiatric reports were insufficient in that the reports did not deal with the question of mental deficiency but were simply examinations under § 552.020, RSMo. 1969; (3) the court should have conducted a hearing at the plea proceeding to determine the extent of movant's disability; and (4) movant was denied effective assistance of counsel at the time of his guilty plea in that his attorney doubted his ability to understand the proceedings and yet advised him to plead guilty.

■ We note at the outset that on appeal from a judgment overruling a motion to vacate the sentence, the reviewing court cannot consider grounds for relief not raised in the motion. *State v. Atkins,* 549 S.W.2d 927, 931 (Mo.App.1977). Consequently, we cannot consider movant's contention that the trial court erred in failing to conduct an evidentiary hearing to determine the extent of movant's alleged disability.[1] Likewise, movant's current theory as to his allegation that he was denied effective assistance of counsel appears for the first time in his brief and thereby is not

---

1. It must be noted that a deficient intelligence quotient, or mental retardation, may exclude a person's fitness to plead guilty or proceed to trial if it is of a severe degree. However, the mere existence of some mental retardation does not automatically render a person incapable of understanding the consequences of his guilty plea. *Pulliam v. State,* 480 S.W.2d 896, 904 (Mo.1972); *Evans v. State,* 467 S.W.2d 920, 923 (Mo.1971); *State v. Lowe,* 442 S.W.2d 525, 530 (Mo.1969).

It may also be noted that movant's assertion that he possesses a deficient intelligence quotient is conclusory, and as such, does not provide grounds on which relief could be given. *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974) *cert. den.,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

preserved for appeal.[2] *Durham v. State,* 538 S.W.2d 881, 884 (Mo.App.1975).

As to movant's allegation that the psychiatric reports were insufficient in that the examining psychiatrists failed to determine his mental deficiency, we hold that as alleged here such a matter is not one that can properly be considered in a proceeding under Rule 27.26, as it is no more than a mere trial error. *Mikel v. State,* 550 S.W.2d 863, 869 (Mo.App.1977).[3] In addition, movant's plea of guilt waived any and all alleged procedural infirmities antedating the plea. *Williams v. State,* 508 S.W.2d 211, 213 (Mo.App.1973). Any contentions regarding the sufficiency of the psychiatric examinations should have been brought up and corrected prior to or at the plea proceeding.

Finally, defendant cites error in the court's failure to make findings of fact and conclusions of law when denying his post-conviction motion. When an evidentiary hearing is unnecessary, a summary denial of a Rule 27.26 motion is the equivalent to

findings of fact and conclusions of law in opposition to the grounds set out in defendant's motion. *Smith v. State, supra* at 412; *Huffman v. State,* 487 S.W.2d 549, 554 (Mo. 1972); *Morgan v. State,* 569 S.W.2d 16 (Mo. App.1978); *Baker v. State,* No. 29,434 (Mo. App.K.C. April 3, 1978); *State v. Ward,* 563 S.W.2d 153 (Mo.App.1978); *Stout v. State,* 543 S.W.2d 797, 799 (Mo.App.1976); *Hogshooter v. State,* 514 S.W.2d 109, 113 (Mo. App.1974). Consequently, we rule this contention against defendant.

Accordingly, the judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.

---

**2.** It must be noted that, even had this point been properly preserved, a review of the record of the plea proceeding refutes this contention as alleged in his motion.

**3.** The record of the plea proceedings show that the defendant had been examined by two psychiatrists prior to the hearing and that they found that the defendant could understand and comprehend the nature of his acts and that he could participate in his own defense and cooperate in the trial of his case. The defendant accepted these reports. On appeal appellant does not challenge the reports' sufficiency under § 552.020. The procedure followed by the court was approved in *Mikel v. State.*