**Jack CLEMMONS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39783.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 17, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

Application to Transfer Denied
Dec. 18, 1978.

Gary L. Robbins, Public Defender, Jackson, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, James E. Meghee, Pros. Atty., Bloomfield, for respondent.

CLEMENS, Judge.

Defendant, after having pled guilty to and been sentenced for sale of a controlled substance, filed a Rule 27.26 motion. The trial court denied the motion without an evidentiary hearing, holding it failed to state a claim warranting relief. Defendant appeals, contending his allegations were sufficient to entitle him to an evidentiary hearing.

Defendant argues he was induced to plead guilty by trial counsel's promise of probation. His factual allegations were that before pleading guilty counsel told him: "You've already got probation over there (Scott County), and the only way to get it [probation] over here is by pleading guilty. . . . You just can't try a drug charge here in this county because the jury would find you guilty just as soon as they read of the charge. And if you go to trial you'll just get a lot of time, and no probation."

■ Denial of the motion was proper on two grounds: First our examination of the extensive guilty plea proceedings shows defendant made written statements and also oral statements under oath which refute his factual allegations. This alone warrants denial of the motion. *Smith v. State,* 513 S.W.2d 407[1] (Mo.banc 1974).

■ Further, we look again to defendant's quoted factual allegations. He relies on statements about the possibility of probation and the probability of a guilty verdict imposing "a lot of time." In *Stewart v. State,* 542 S.W.2d 544[1, 2] (Mo.App.1976), we cited *Smith,* supra, in holding "It was the duty of movant's lawyer to inform movant of the possible range of punishment and, if considered advisable, to give his 'judgment as to the extent of punishment the jury might fix in the event of conviction.' "

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.