**Michael Luther HILL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39154.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 14, 1978.

William J. Shaw, Public Defender, Timothy A. Gardner, Asst. Public Defender, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Gregory W. Schroeder, Eric Martin, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Steven Goldman, Asst. Pros. Atty., Clayton, for respondent.

REINHARD, Presiding Judge.

Appellant pleaded guilty to a charge of burglary second degree and was sentenced to ten years in the penitentiary. This appeal arises from a denial of appellant's motion under Rule 27.26 to vacate judgment and sentence imposed upon him. The trial court determined that appellant's pleadings were inadequate and dismissed his motion for "failure to state cause of action." Appellant appeals from this order.[1]

■ Applying the generally accepted interpretation of a dismissal for failure to state a cause of action, appellant's motion, necessarily construed in the light most favorable to appellant, *did* state grounds and raise legal issues which, if established, might entitle appellant to relief. *Irby v. St. Louis County Cab Co.*, 560 S.W.2d 392, 394 (Mo.App.1977); *Niemczyk v. Burleson*, 538 S.W.2d 737, 742 (Mo.App.1976). In his pro se motion, appellant contended that his plea of guilty was induced by the state's promise of a maximum five year sentence, conveyed in good faith by his attorney and that consequently his plea was involuntary, being the result of deceit and trickery on the part of the attorney for the state. *State ex rel. Reece v. Campbell*, 551 S.W.2d 292, 299 (Mo.App.1977). Appellant also asserts that he was denied effective assistance of counsel at his sentencing hearing, because he was represented by a "stand-in" counsel who was unfamiliar with his case and had not communicated with appellant. See *McClain v. State*, 448 S.W.2d 599, 602–603 (Mo.1970). Reviewing these contentions, we find that simple dismissal for failure to state a cause of action was inappropriate here.

The state argues that appellant's 27.26 contentions are refuted by the record of the plea and sentencing proceedings, contending that they reveal that at the plea hearing appellant stated that no promises had been made, and that at the sentencing hearing he claimed a promise of probation, both of which are inconsistent with his present contention of a promise of five years.

■ The state's argument has merit in that an evidentiary hearing is not required if a movant's allegations are "refuted by the record in the trial court; . . ." *Perry v. State*, 565 S.W.2d 464 (Mo.App. 1978). Furthermore, if the trial court's review of the record reveals that an evidentiary hearing is unnecessary, a summary denial is equivalent to findings of fact and conclusions of law. *Tillman v. State*, 570 S.W.2d 844 (Mo.App.St.L.1978). However, this is not the situation here. The language of the court's order reveals that the trial court did not consider the plea and sentencing proceedings and its determination was upon the appellant's motion only.[2]

---

1. We have considered respondent's motion to dismiss appellant's brief for failure to comply with Rule 84.04 and overrule the motion.

2. Although this case might appear to be inconsistent with our recent opinion in *Clemons v. State*, No. 39783, 573 S.W.2d 419 (Mo.App.

Order dismissing the motion for failure to state a cause of action is reversed and case is remanded.[3]

CLEMENS and GUNN, JJ., concur.

St.L. October 17, 1978), a review of the court's order in that case reveals that the trial court reviewed the transcript of the plea, made extensive findings of fact and conclusions of law and expressly found that the record of the plea proceedings refuted the factual allegations of the motion. The trial court's order in that case was not a dismissal for failure to state a cause of action in the sense we have here.

3. Note that we make no finding as to the necessity of an evidentiary hearing in this case. On remand it is still for the trial court to determine whether appellant's factual allegations are refuted by the record.