**Richard HARTRUM, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39764.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 12, 1978.

John J. Allan, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for respondent.

CLEMENS, Judge.

Movant (hereafter "defendant"), having previously pled guilty to second degree murder and receiving a 15-year sentence, filed a motion under Rule 27.26. The trial court denied the motion without an evidentiary hearing and defendant has appealed. He now claims error on the ground there should have been an evidentiary hearing to determine whether he pled guilty "under a misapprehension of the nature of the charge." Defendant also contends the trial court erred by not making specific findings of fact and conclusions of law. These contentions in turn.

The guilty-plea transcript refutes defendant's contention of misapprehension. In meticulous detail the court had questioned him as to the details of the homicide and the consequences of pleading guilty, all of which defendant acknowledged. Without detailing the gruesome facts, defendant's admissions showed he had quarreled

with the victim and without provocation had stabbed him to death. His factual admissions refute his present contention that he pled guilty without understanding the charge that he killed the victim "willfully, maliciously and premeditatively."

"The test is not a particular ritual or whether each and every detail is explained to a defendant but whether in fact the plea is voluntarily and intelligently made." *Giles v. State*, 562 S.W.2d 106[1] (Mo.App. 1977). See also *Weaver v. State*, 520 S.W.2d 640[4] (Mo.App.1975) holding: "Where the record made at the time accused's plea of guilty was entered and accepted was sufficient to show the plea was made voluntarily with understanding of the nature of the charge and that accused was not entitled to relief from sentence, an evidentiary hearing was not required on accused's motion to vacate."

Since the guilty-plea record squarely refutes defendant's first contention, we hold the trial court properly denied his motion without an evidentiary hearing.

As said, defendant contends the trial court erred in denying his motion without making specific findings of fact and conclusions of law. Not so. In *Morgan v. State*, 569 S.W.2d 16[1] (Mo.App.1978) we ruled: "The summary denial of movant's motion was equivalent to findings of fact and conclusions of law in opposition to the grounds set out in his motion. See also *Stout v. State*, 543 S.W.2d 797, 798 (Mo.App.1976), where the court held that the denial of movant's motion was equivalent to findings and conclusions opposed to grounds stated in movant's motion; and if the court was correct in its conclusion, its order was sufficient." So it is here.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.