**Byron Eugene JOHNSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 29407, 29664.**

Missouri Court of Appeals, Western District.

April 2, 1979.

William C. Buck, Kansas City, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from trial court order overruling motion for post-conviction relief under Rule 27.26.

An evidentiary hearing was held wherein Movant was represented by counsel. The court made findings of fact and conclusions of laws. The rule of *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978), is satisfied.

Movant was originally charged with murder in the first degree and later, pled guilty to the lesser offense of murder in the second degree. After a pre-sentence investigation, sentence was affixed at twenty years confinement.

On September 26, 1973, Movant filed a Rule 27.26 motion alleging his guilty plea had been involuntary because said plea was made only upon assurance from defense counsel that he would receive a sentence of ten years.

■ On this appeal, the court is required to resolve the problem of the claimed subjective belief of Movant relative to his plea of guilty. There is no means by which the law can probe the interior of anyone's thoughts or beliefs upon any subject. Such a subjective claim must, of necessity to test its reasonableness, be weighed by careful review of all circumstances surrounding such a claim.

For this test, we turn to the record of the 27.26 hearing where reference is made to the original transcript concerning the acceptance of Movant's plea of guilty. That record reflects the following pertinent inquiry:

"Q. I refer you to page 13, line 12, where the Court asked you the following question. 'Have you been induced by any threats, promises or offers of reward to plead guilty to this charge?' Would you read your reply to the Court on line 14, please?

A. 'No, no, sir. Not at all.'

"Q. On line 15 of that page, line 15 of page 13 of the transcript, 'Has the plea of guilty which you wish to enter in this case been induced by any promise or representation or prediction by anyone as to what sentence will be imposed or any representation as to probation?' And would you read your reply on line 19 to the Court, please?

A. 'No, sir.'

"Q. Referring now to line 20 of that page, again page 13 of the transcript, the Court asked the following question. 'Do you understand that the Court does not have to accept any recommendation of the prosecuting attorney or of your attorney as to the sentence to be imposed by the Court upon you?' Would you read your reply on line 24, please?

A. 'Yes, sir.'"

In addition, it should be pointed out that testimony by both counsel for the defense and for the prosecution refuted any claimed reference to plea bargaining for a ten year sentence.

■ Movant has the burden of proving, by a preponderance of the evidence, that there was any manifest injustice. *State v. Jackson*, 514 S.W.2d 638 (Mo.App.1974). He has failed to do so. The review of Movant's claim is limited to determination of whether the findings and conclusions of the trial court were clearly erroneous. *Quinn v. State*, 515 S.W.2d 603 (Mo.App.1974). They were not. Having concluded that they were not, Movant is not entitled to relief on appeal.

As was stated previously, it is impossible to know with absolute certainty the subjective thoughts and belief of anyone and therefore, such claimed belief must, in each case, be tested to determine the reasonableness of such claim. This determination is perhaps best summarized in the case of *McMahon v. State,* 569 S.W.2d 753 (Mo.banc 1978) wherein the court stated,

" * * * Any test of whether a person, in fact, has harbored a particular belief is necessarily subjective. While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted. The subjective test has to be viewed in light of the reasonableness of the claimed belief. See *Barylski v. State,* 473 S.W.2d 399, 401

(Mo.1971); *State v. Rose*, 440 S.W.2d 441, 445 (Mo.1969). Otherwise the granting of every 27.26 motion would be automatic upon the movant's assertion that his guilty plea resulted from a subjectively mistaken belief. The test to be applied must be viewed in the light of the reasonableness of the claimed belief. Where there is no reasonable basis for the belief in light of the guilty plea record, movant is not entitled to relief * * * "

Appellant's contention arises from his purely subjective belief, not from reasonableness supported by evidence of record. Movant has failed to meet the test prescribed in *McMahon v. State, supra.*

Action of the trial court is affirmed.

All concur.