Bobby WILSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 40755.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1979.

Neal P. Murphy, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Steven Scott Clark, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., J. W. Gabriel, Asst. Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant herein appeals from the denial of his Rule 27.26 motion. His motion requested that the court vacate his sentence of two years for the charge of felonious failure to appear on bail bond. On appeal, movant alleges that the trial court erred by failing to appoint counsel for him and, further in not making specific findings of fact nor conclusions of law.[1]

In his motion, movant alleged coercion and ineffective assistance of counsel as grounds for relief. The Missouri Supreme Court in *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) has adopted a per se rule which requires the appointment of counsel for all indigents who file pro se Rule 27.26 motions after its effective date. However, *Fields* is to be applied prospectively and hence, does not affect movant's motion.[2] We do not believe that movant is prejudiced by the refusal to apply *Fields* retrospectively.

The law in existence prior to *Fields* was such that if an evidentiary hearing was not required, an attorney need not have been appointed. *Winston v. State*, 533 S.W.2d 709[6–12] (Mo.App.1976). In order to become entitled to an evidentiary hearing, movant must have pleaded facts, not conclusions, which if true, would afford the basis for relief and, further, must have shown that the factual allegations contained in his motion were not refuted by the record. *Winston*, supra. However, if no evidentiary hearing was required, a summary denial of a Rule 27.26 motion is equivalent to findings of fact and conclusions of law in opposition to the grounds stated in the motion. *Tillman v. State*, 570 S.W.2d 844[6] (Mo.App.1978).

Herein, the record revealed that movant entered a plea of guilty to the charge of stealing property of a value of at least $50 in the Circuit Court of the City of St. Louis on September 13, 1977. He was subsequently freed on $1,500 bond pending imposition of sentence. Sentencing was set for November 4, 1977, but movant failed to appear. He was arrested by St. Louis Police on November 30, 1977; twenty-six days after the date set for sentencing.

Movant was thereafter charged with felonious failure to appear on bail bond. Mov-

---

1. Twenty-nine days after the court's ruling on the original motion, the movant filed a motion to amend his previous motion. The court granted the request 3 days later and denied the amended motion. The court lacked jurisdiction to permit the amendment. The movant makes no challenge to the action on the amendment, but attacks only the original ruling.

2. Movant filed his Rule 27.26 motion on April 28, 1978. The *Fields* decision was handed down (and thus became effective) November 6, 1978.

ant was again appointed counsel, a trial date set and a jury ordered. Movant then opted to plead guilty. At the hearing on his guilty plea, movant was questioned extensively as to his understanding of the nature of the charge, advised of his rights, and asked whether his desire to plead guilty was the result of threats, promises or duress. His response was in the negative. He was also asked if he was satisfied with the advice of his court-appointed counsel. Movant stated that he was so satisfied; acknowledged that the facts leading to the charge, as enumerated by the prosecuting attorney, were true; and, reiterated his desire to plead guilty. The trial court found that movant had knowingly and intelligently entered his plea of guilty and had committed the crime with which he was charged beyond a reasonable doubt.

The trial court specifically found, "based upon the transcript the court finds that movant was not coerced into entering said plea by his counsel; that his counsel did not fail to effectively represent movant." We agree with the court that the record refutes his allegations. Furthermore, they are conclusory.

Since the allegations are both conclusory and refuted by the record there was no requirement for an evidentiary hearing and, therefore, no requirement for the appointment of counsel. *Winston*, supra. Summary denial of movant's motion was proper in such an instance and as such was equivalent to findings of fact and conclusions of law in opposition to the grounds set out in the motion. *Tillman*, supra. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

GUNN and CRIST, JJ., concur.