James **GOFORTH**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 40905.

Missouri Court of Appeals,
Eastern District.

July 31, 1979.

Ronald E. Pedigo, Farmington, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., Farmington, for respondent.

REINHARD, Presiding Judge.

Movant appeals from an order of the circuit court dismissing his Rule 27.26 motion without an evidentiary hearing. Movant was convicted by a jury of murder in the second degree and after the jury was unable to agree upon the punishment, he was sentenced by the court to serve a term of 30 years. His conviction was affirmed by this court in *State v. Goforth*, 535 S.W.2d 464 (Mo.App.1976).

Movant contends that the court erred in (1) failing to grant him an evidentiary hearing and (2) failing to make findings of fact and conclusions of law.

First, the state contends that movant's brief fails to comply with Rule 84.04(d) in that there are no arguments presented as to the specific allegations set forth in the motion to vacate judgment and sentence and also because there are no authorities cited specifically relating to whether or not these allegations are sufficient to require an evidentiary hearing. We agree. However, using our discretion, we have reviewed movant's allegations in his motions and find that the trial court did not err in denying movant an evidentiary hearing.

■ In order to be entitled to an evidentiary hearing, movant must have pleaded facts, not conclusions, which if true, would afford the basis for relief and, further, must have shown that the factual allegations contained in his motion were not refuted by the record. *Winston v. State*, 533 S.W.2d 709 (Mo.App.1976). However, if no evidentiary hearing was required, a summary denial of a Rule 27.26 motion is equivalent to findings of fact and conclusions of

law in opposition to the grounds stated in the motion. *Tillman v. State*, 570 S.W.2d 844 (Mo.App.1978). Movant's motion alleges that his attorney was ineffective in several respects. In order to show ineffectiveness of counsel, movant had the burden of showing that counsel breached a duty to his client, and that such breach resulted in prejudice which deprived the party of a fair trial. *Thomas v. State*, 516 S.W.2d 761 (Mo.App.1974).[1]

■ First, movant charges that counsel failed to object to the verdict directing instruction. He contends that it shifted the burden of proof to defendant when defendant was not required to give testimony. The identical instruction has been upheld against similar attacks by our Supreme Court. *State v. Aikens*, 507 S.W.2d 386, 387 (Mo.1974). There was no legal basis for an objection, therefore, counsel could not be ineffective. *State v. Evans*, 559 S.W.2d 641, 642 (Mo.App.1977).

Secondly, movant alleges that his attorney was ineffective because he failed to object to various statements by the prosecuting attorney. We have reviewed the record and find that his allegations are refuted by it. In certain instances complained of, the attorney did object, and in others we find no basis for an objection. However, to say that an attorney was ineffective because he should have made objections that might or might not have been sustained borders on absurdity. There are many reasons why lawyers deliberately do not object knowing that an objection might be sustained. It is doubtful that close scrutiny of any transcript by another lawyer or judge would not show instances where the lawyer should have objected. In this area the courts have been quite liberal in their assessments of whether or not the attorney acted with propriety. This generally has fallen within the area of trial tactics.

---

1. See however, *Seals v. State*, 580 S.W.2d 733 (Mo. banc) 1979 wherein the court adopts a different standard. This standard is to be effective prospectively only. In order for a claim of ineffectiveness of assistance of counsel to prevail, the movant must now show that his attorney failed to exercise the care and skill of a reasonably competent attorney rendering similar services under the existing circumstances and that he was prejudiced thereby.

Thirdly, movant argues that his counsel "failed to tender instructions" defining the words malice, deliberately, feloniously, malice aforethought. The instruction given at trial contained none of these words and therefore no further definitions needed to be given. *State v. Smart*, 485 S.W.2d 90, 93 (Mo.1972). Instructions given were modeled on verdict directors promulgated in the MAI–CR 6.02 and 6.06. We find no merit in this contention.

Movant next alleges that witness Dale Bader's competence was questionable and that his attorney should have known of that fact and therefore, contested his ability to testify. This contention fails to allege in what manner the witness was incompetent, or that movant requested his counsel to investigate witness, or what the facts were, by which counsel should have been on notice of the witness' questionable competence. Lacking such allegations, this contention must fail. *Fight v. State*, 558 S.W.2d 372, 374 (Mo.App.1977); *Morris v. State*, 547 S.W.2d 827, 829 (Mo.App.1977).

Finally movant claims that his counsel was ineffective because his attorney failed to object to the sentencing judge having ex parte conversations with the probation officers. At the time of the hearing on the motion for new trial the court advised the parties of its conversation with the probation officers. The movant had been on probation. The court was aware of the two previous convictions, both having been brought out by the defense during the trial. Both probation officers made recommendations as to the sentence the movant should receive. The court voluntarily disclosed to the parties that it had held these conversations. Movant was sentenced two days later. Movant now claims that his attorney was ineffective because he did not object to the ex parte communication. Movant on direct appeal attempted to raise this issue but we said that it was not properly before us because defendant had not raised it at the first opportunity, not having complained before sentencing. The court's request of the probation officers was in the nature of a limited presentence investigation. Section 549.285 RSMo 1969, which was in effect at the time of the sentencing of the defendant, denied access of such report except in the discretion of the court. *State v. Tash*, 528 S.W.2d 775, 778 (Mo.App. 1974).[2] Objection by the counsel would have been unavailing. Movant does not allege in his motion what information received by the court from the probation officers was inaccurate nor does he now complain that his counsel should have asked the court what information received from the probation officers was relied on. This allegation could only affect the sentencing and not the determination as to the guilt or innocence of the defendant. As this matter comes to us in the motion, we cannot find that movant's attorney was ineffective in failing to "object to the ex parte communication."

The court properly dismissed the motion without an evidentiary hearing and since no evidentiary hearing was required, summary denial was equivalent to findings of fact and conclusions of law, *Tillman v. State*, 570 S.W.2d 844 (Mo.App.1978).

Affirmed.

GUNN and CRIST, JJ., concur.

---

2. This procedure has changed under the new criminal code, § 557.026 RSMo 1978 . . ." (2) The presentence investigation report shall be prepared, presented and utilized as provided by the court except that no court shall prevent the defendant or the attorney for the defendant from having access to the complete presentence investigation report and recommendations before any authorized disposition under Section 557.011."