**Bill Douglas DORSEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 39910.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 4, 1979.

Devereaux & Stokes, Michael D. Stokes, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant's appeal from the denial of his Rule 27.26 motion alleges the trial court erred in failing to hold an evidentiary hearing and denying relief under the motion. We affirm.

Movant's motion stems from his pleas of guilty to two charges of second degree burglary and stealing and a separate charge of stealing over $50.[1] He was sentenced to ten years imprisonment on each burglary charge and five years on each stealing charge, with all sentences concurrent. In his Rule 27.26 motion, movant alleged three bases for relief: (1) the disparity in length of sentences imposed on him as compared to his co-defendants; (2) his counsel's failure to determine movant's competence to commit the crimes due to the influence of drugs; and (3) the reliance of movant on his counsel's assurance that if he were to plead guilty and deny any "deals", his sentence would be less than ten years. Based on the record before it, including the pleas of guilty, the trial court denied movant's motion without hearing.

On appeal, movant contends that an evidentiary hearing is required to test the voluntariness of his guilty plea. But under Rule 27.26(e) a hearing is not required when, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

■ Movant's allegation of disparity in sentencing fails to allege facts which, if true, would entitle him to relief. Movant's argument is that there had been a denial of due process and equal protection by imposition of a longer sentence than that received by his co-defendants. A sentence which is within the limits prescribed by law cannot provide the basis for a complaint of excessive punishment. *Turnbough v. State*, 574 S.W.2d 400 (Mo. banc 1978). Since movant's sentences were within the range prescribed by §§ 560.095, RSMo 1969 and 560.-161(2), RSMo Supp. 1975,[2] no ground for relief was stated.

■ The next factual allegation is lack of mental capacity to commit the offense charged. Movant claims that he told his attorney that he could not recall committing the crimes because of his use of drugs. The testimony at the guilty plea proceeding reveals movant had been addicted to drugs and was undergoing methadone treatment at the time of his arrest. Movant claims that he was denied effective assistance of counsel by his attorney's failure to pursue this defense, and, therefore, his plea was involuntarily entered. Again, movant has failed to cite facts which if true would entitle him to relief. Drug abuse, absent a psychosis, is not a defense under the statute defining mental disease or defect. The existence of a psychosis is the determinative factor. § 552.010, RSMo 1969;[3] *Boyer v. State*, 527 S.W.2d 432 (Mo.App.1975). In the absence of some suggestion of mental instability, there is no duty on counsel to initiate an investigation of the mental condition of the accused. *Jones v. State*, 564 S.W.2d 933 (Mo.App.1978). There was no evidence or factual allegations of a psychosis either at the guilty plea hearing or in the 27.26 motion. Further, in the plea proceedings movant specifically rejected that he had ever been under psychiatric care or had the need for such in the present or that he was currently under the influence of drugs.

■ Movant's final factual allegation was that he was assured by his counsel that he would receive less than ten years imprisonment for his plea of guilty and that he was instructed not to inform the court of any bargain. The record of the guilty plea proceedings directly refutes movant's alle-

---

1. The plea to one charge of burglary second and stealing was accepted under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. In effect at the time the offenses were committed and movant sentenced after guilty pleas.

3. In effect at the time the offenses were committed and movant sentenced after guilty pleas.

gation that any deals were struck. The court engaged in extensive examination of the movant concerning the plea bargaining and offered him full opportunity to withdraw his pleas. The record clearly establishes that the court through straightforward query disabused movant of any reasonable belief he possibly could have entertained of a bargain for a lesser sentence. The query also conclusively rebuts movant's claim that he had been told to falsely affirm his response to the court's inquiries. *Johnson v. State*, 579 S.W.2d 802 (Mo.App. 1979); *Giggar v. State*, 547 S.W.2d 870 (Mo. App.1977). Thus, *Burgin v. State*, 522 S.W.2d 159 (Mo.App.1975), upon which movant places great reliance, offers no solace for his cause.

The trial court's finding that movant is not entitled to relief was fully supported by the record; there was no need for an evidentiary hearing. *Wilson v. State*, 582 S.W.2d 725 (Mo.App.1979).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.