**Jerry CHATMAN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39730.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 27, 1980.

Roy A. Walther, III, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Weldon W. Perry, Jr., Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Movant, Jerry Chatman, appeals from the dismissal without an evidentiary hearing of his Rule 27.26 motion.

Chatman pled guilty to a charge of assault with intent to kill with malice and was sentenced to 17 years imprisonment. The bases of his Rule 27.26 motion are that his guilty plea was neither voluntarily nor intelligently made, that he was denied effective assistance of counsel and that his sentence constituted cruel and unusual punishment.

Movant now appeals the dismissal of his 27.26 motion alleging that the trial court erred in refusing movant an evidentiary hearing as to two of the allegations presented in his motion, and erred for failing to make findings of fact and conclusions of law on all the issues presented in his 27.26 motion. Movant also claims that the trial court applied the wrong test in its determination to deny movant the right to withdraw his guilty plea.

Movant's first contention is that the trial court erred in denying him the opportunity to present evidence that he entered his plea of guilty involuntarily, that the assistance he received from his attorney was ineffective and that the sentence pronounced against him was cruel and unusual.

■ Movant, to be entitled to an evidentiary hearing, must allege facts which warrant relief and are not refuted by the record and which demonstrate prejudice to the movant. *Burnett v. State*, 573 S.W.2d 380, 381 (Mo.App. 1978).

■ Movant, by entering a plea of guilty has removed the issue of ineffective assistance of counsel from this court's review except as such assistance bears upon the voluntariness of movant's plea. *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo. App. 1977). Movant has not provided this court with a transcript of the hearing on his guilty pleas. We are prevented, therefore, from reviewing the voluntariness of movant's plea and the propriety of the trial court's denial of an evidentiary hearing as to the voluntariness of the plea. *Ervin v.*

*State*, 525 S.W.2d 381, 388 (Mo.App. 1975); *State v. Dodson*, 556 S.W.2d 938, 947 (Mo. App. 1977).

■ The sentence assessed against movant was within the statutory limits of § 559.180, RSMo 1969. In the absence of a showing by movant that the trial court was motivated by prejudice or corruption in assessing his sentence, movant's claim of cruel and unusual punishment is not within the province of this court's review. *Hill v. State*, 543 S.W.2d 809 (Mo.App. 1976).

■ Movant also alleges that the trial court erred in failing to make findings of fact and conclusions of law on all the issues presented at the 27.26 hearing. In *Fields v. State*, 572 S.W.2d 477, 483 (Mo. 1978), the Missouri Supreme Court held that findings of fact and conclusions of law must be made on material issues presented by 27.26 motions irrespective of whether an evidentiary hearing is held. This holding, however, is prospective only. *Baker v. State*, 584 S.W.2d 65, 66 (Mo. 1979). The trial court sustained the State's motion to dismiss movant's Rule 27.26 motion on September 20, 1977. At that time a summary denial of a Rule 27.26 motion was held to be equivalent to findings of fact and conclusions of law in opposition to the grounds set out in the motion. *Smith v. State*, 513 S.W.2d 407, 412 (Mo. banc 1974). The trial court did not err in dismissing movant's motion without making specific findings of fact and conclusions of law.

■ Movant's allegation that the trial court erred in sustaining the state's motion to dismiss because the trial court applied the incorrect test to evaluate his motion to withdraw his guilty plea is without merit. Movant claims that instead of looking to whether his plea was voluntarily or intelligently made, the trial court should have considered whether it would be manifestly unjust to force movant to accept his original guilty plea in light of the three allegations in his motion. Movant is correct in stating that a motion to withdraw a guilty plea will be granted only when necessary to prevent manifest injustice. *Bradley v.*

*State,* 564 S.W.2d 940, 942 (Mo.App. 1978). However, a finding that a guilty plea was voluntarily and knowingly entered and that the sentence imposed was within statutory limits necessarily implies that the movant has not suffered a manifest injustice. *See, Duncan v. State,* 524 S.W.2d 140, 142 (Mo. App. 1975). *Giles v. State,* 562 S.W.2d 106, 108–109 (Mo.App.1978). Movant has failed to present facts that indicate that the trial court clearly erred in denying movant's motion to withdraw his guilty plea.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.