William Wayne WELLS, Appellant,

v.

STATE of Missouri, Respondent.

No. 43590.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Thomas J. Frawley, Kohn, Shands, Elbert, Gianoulaki & Giljum, St. Louis, for appellant.

Nancy Appelquist, John Ashcroft, Kristie Green, Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

27.26 proceeding. Movant appeals from the denial of his 27.26 motion, after an evidentiary hearing. We affirm.

On February 14, 1977, movant pleaded guilty to two separate charges of robbery first degree, violations of § 556.280 RSMo. 1969. (Cause Nos. 76–140 and 76–1252) He was sentenced to two concurrent 15 year terms with the Department of Corrections.

■ Movant contends in his first point that the information in Cause 76–140 was void because it was issued without a preliminary hearing at which he was represented by counsel. This is a different point than was raised in his 27.26 motion. This court cannot consider grounds for relief not raised in the motion. *Tillman v. State*, 570 S.W.2d 844, 845 (Mo.App. 1978).[1]

■ In his second point, movant contends his plea of guilty in Cause 76–140 was not knowingly and voluntarily entered because he was denied effective assistance of counsel. Where a guilty plea has been entered, the determination of the adequacy of counsel is immaterial, except to the extent that it bears on the issue of its voluntariness and understanding. *Chatman v. State*, 600 S.W.2d 202 (Mo.App. 1980). The trial court in its findings of fact stated that, "each guilty plea was voluntary" and made after consulting two attorneys, one on each charge. We have reviewed both the transcript of the original sentencing hearing and the 27.26 hearing and find that the trial court's findings are not clearly erroneous. Rule 27.26(j).

■ In his third point, Wells contends that his plea of guilty in Cause 76–1252 was made solely to receive a concurrent sentence with Cause No. 76–140 and should therefore be vacated. Movant raises this point for the first time on appeal and there is therefore, nothing for this court to review.[2] *Tillman v. State*, 570 S.W.2d 844, 845 (Mo.App. 1978).

Affirmed.

CRIST, P. J., and SNYDER, J., concur.

---

1. Movant did receive a preliminary hearing, albeit without counsel. However, this in no manner affects the information, as his plea of guilty, waives all non-jurisdictional, procedural and constitutional infirmities at any prior stage of the proceeding, including any allegation with respect to non-representation at a preliminary hearing. *Kearns v. State*, 583 S.W.2d 748, 751 (Mo.App. 1979); *Wolfe v. State*, 574 S.W.2d 453, 454 (Mo.App. 1978).

2. Moreover, a review of the transcript of the sentencing hearing refutes movant's contention. The trial judge made clear to movant prior to his guilty plea that the sentences on the two charges could run consecutively.