**Ronald M. HOUSTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43579.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Thomas J. Frawley, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

27.26 proceeding. Movant appeals from the denial of his 27.26 motion, after an evidentiary hearing. We affirm.

On January 28, 1979, two travelers en route to New Mexico stopped to exercise their dogs. A blue automobile carrying five men and one woman approached and parked. Two of the men alighted from the car with one producing a weapon. The pair took credit cards, jewelry and $1,050.00 in traveler's checks from the couple. One of the victims wrote down the license plate number of the vehicle. The next day, movant was arrested while in a similar car bearing the same license plate. He was later identified in a lineup as one of the robbers.

On October 15, 1979, the morning his jury trial was to commence, movant pleaded guilty to two counts of robbery, first degree, violations of § 569.020 RSMo.Supp. 1979. He received two concurrent 18 year sentences with the Department of Corrections. On April 1, 1980 movant filed his motion to vacate judgment and sentence alleging his plea of guilty was not knowing and voluntary because he was denied effective assistance of counsel.

According to movant, his attorney was remiss in fully apprising him of the evidence supporting his alibi. Had he known the facts his attorney failed to provide him, he would not have pleaded guilty. He testified his attorney failed to: 1) subpoena alibi witnesses; 2) provide him with a copy of the police report; 3) file a motion challenging the composition of the grand jury; 4) advise him he had been identified by the victims on the basis of a missing tooth even though he had no missing teeth;[1] 5) advise him he had been identified as the driver of the automobile, even though he could not drive; and 6) advise him that his fingerprints were not found on any items of the recovered property, even though he had allegedly seized some of the items from the victims.

In addition to movant, his mother and the alibi witnesses testified. The alibi witnesses Hazel Chandler, Kevin Straub and his wife, Sheila Straub, testified that movant was at his brother's home at the time of the crime. Kevin Straub and Hazel Chandler were contacted by someone prior to trial, but could not remember by whom. Sheila Straub testified that she was contacted by no one prior to trial.

Movant's former attorney testified: 1) he discussed the contents of the police report with movant, but did not provide him with a copy for reasons of trial strategy; and 2) he told movant he had been identified as the driver of the car, had been identified on the basis of a missing tooth, and his fingerprints had not been found on any of the items recovered. He also stated his investi-

---

1. Movant does have a large gap between his front teeth.

gator contacted Hazel Chandler and Kevin Straub but they refused to testify voluntarily. Further, he testified movant's mother told her son on the morning of trial that the alibi witnesses did not want to testify. As a matter of trial strategy, he recommended they not be subpoenaed.

▮ Movant, by pleading guilty has removed the issue of ineffective assistance of counsel except insofar as such assistance bears upon the voluntariness of his plea. *Chatman v. State*, 600 S.W.2d 202, 204 (Mo. App.1980). The court of appeals is required to give due regard to the trial court's opportunity to hear witnesses, and must defer to its determination of credibility in a 27.26 proceeding. *Tyler v. State*, 588 S.W.2d 3, 4 (Mo.App.1979). In regard to movant's claim concerning the alibi witnesses, it is clear that the trial court resolved the issue of credibility against movant. If the witnesses refused to testify voluntarily, his decision not to subpoena them was one of trial strategy. "[D]eciding which witnesses to call or whether to call any witnesses is a matter of trial tactics and in the purview of counsel's exercise of professional judgment." *Graham v. State*, 605 S.W.2d 535, 536 (Mo.App.1980). Under the circumstances, his attorney's refusal to subpoena the alleged alibi witnesses was part of a planned and deliberate trial strategy. We cannot indict him for ineffective assistance of counsel on that basis.

Movant's second contention that his attorney's refusal to provide him with a copy of the police report constituted ineffective assistance of counsel also must fail. Movant's attorney stated that he discussed the report with his client, but refused to give him a copy to prevent a jury from inferring his testimony was based upon an hourly review of it. The trial court accepted movant's attorney's version of what transpired. This did not constitute ineffective assistance of counsel.

▮ In connection with his third point that his attorney failed to file a motion challenging the composition of the grand jury, movant does not explain how that affected the voluntariness of his plea. Only counsel's actions which affect the voluntariness of a guilty plea are relevant in this proceeding. *Chatman, supra.*

The remaining issues were one of credibility which the trial court resolved against the movant. The trial court's findings, conclusions and judgment are not clearly erroneous. Rule 27.26(j).

. Affirmed.

CRIST, P. J., and SNYDER, J., concur.